Keith D. Nowak
William F. Sondericker
Susan B. Kalib
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Zoba International Corp., d/b/a CD Digital Card*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| DVD FORMAT/LOGO LICENSING CORP., | Index No. 09 CV 5461 (PAC) (MHD) |
| Plaintiff, | |
| - against - | |
| U-TECH MEDIA USA LLC and ZOBA INTERNATIONAL CORP., d/b/a CD DIGITAL CARD, | **ANSWER AND COUNTERCLAIMS OF DEFENDANT ZOBA INTERNATIONAL CORP., d/b/a CD DIGITAL CARD** |
| Defendants. | |

------------------------------------------------------------X

Defendant Zoba Internationals Corp., d/b/a CD Digital Card ("CDDC"), by and through its attorneys, Carter Ledyard & Milburn LLP, responds to the allegations of Plaintiff DVD Format/Logo Licensing Corp.'s ("DVD FLLC" or "Plaintiff") Complaint as follows.

1.     States that paragraph 1 of the Complaint consists primarily of conclusory statements, argument, or conclusions of law, to which no response is necessary, except admits that DVD FLLC owns certain familiar and ubiquitous trademark registrations referred to in paragraph 16 of the Complaint.

2.     States that paragraph 2 of the Complaint consists primarily of conclusory statements, argument, or conclusions of law, to which no response is necessary.

6478927.1

3.      States that paragraph 3 of the Complaint consists primarily of conclusory statements, argument, or conclusions of law, to which no response is necessary.

4.      Denies that DVD FLLC has since 2000 been "responsible for the publication of the technical specifications for the standard DVD formats" and is the exclusive licensor of "the technical specifications and the DVD logo," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint.

5.      Denies the allegations contained in paragraph 5 of the Complaint.

6.      Admits that CDDC is a disc replicator and a DVD FLLC licensee; admits that CDDC manufactures DVDs that are 0.6 millimeters thick and that the DVDs bend with little effort; denies the remaining allegations contained in paragraph 6 of the Complaint which relate to CDDC; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint which do not relate to CDDC.

7.      Denies the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

9.      States that paragraph 9 of the Complaint consists primarily of conclusory statements, argument, or conclusions of law, to which no response is necessary.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Admits the allegations contained in paragraph 12 of the Complaint.

13.     States that paragraph 13 of the Complaint consists primarily of conclusory statements, argument, or conclusions of law, to which no response is necessary.

14.     States that paragraph 14 of the Complaint consists primarily of conclusory statements, argument, or conclusions of law, to which no response is necessary.

15.     Denies that DVD FLLC has established and maintains programs to enforce and protect its intellectual property rights around the world and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16.     Admits that DVD FLLC's trademarks are famous and distinctive, and denies that the DVD logo is associated with DVD products that are designed and manufactured in accordance with the information, know-how and trade secrets in the DVD Format Books, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

6478927.1

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Admits that DVD FLLC and CDDC entered into a Non-Disclosure Agreement effective as of October 23, 2008 and that the parties entered into a License Agreement effective as of November 21, 2008, which incorporates the earlier Non-Disclosure Agreement by reference, and denies the remaining allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Admits that CDDC has manufactured and distributed in the United States DVDs that are 0.6 millimeters thick, which are known as FLEX DVDs and FLEX VCDs, states that CDDC's promotional materials speak for themselves, and denies the remaining allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint, except admits that CDDC has manufactured and sold approximately 300,000 Flex DVD products for and to IMM Studio, a division of Interactive Media Marketing Inc. ("IMM"), a member of the DVD Forum, with the DVD logo embodied thereon at the direction of IMM.

-4-

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint as they relate to CDDC's products, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Repeats and realleges the foregoing paragraphs of this Answer as if set forth in full herein.

39.     Denies the allegations contained in paragraph 39 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint.

6478927.1

40.     Denies the allegations contained in paragraph 40 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint.

42.     Repeats and realleges the foregoing paragraphs of this Answer as if set forth in full herein.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     Repeats and realleges the foregoing paragraphs of this Answer as if set forth in full herein.

47.     Denies the allegations contained in paragraph 47 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 of the Complaint as they relate to CDDC, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint.

51.     Repeats and realleges the foregoing paragraphs of this Answer as if set forth in full herein.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Repeats and realleges the foregoing paragraphs of this Answer as if set forth in full herein.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

6478927.1

66.     Denies the allegations contained in paragraph 66 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67.     The Complaint fails to state a claim against Defendant CDDC.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68.     DVD FLLC does not make or sell DVDs or DVD equipment and is not harmed by CDDC's manufacture and sale of Flex DVDs or Flex VCDs that allegedly damage DVD equipment or DVDs, and lacks standing to sue CDDC for such alleged harm arising from CDDC's sales of its DVD products.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69.     By reason of DVD FLLC's delay for many years (as more fully set forth in paragraphs 85 through 90 hereof and repeated and realleged herein by reference) and during the entirety of 2009 and its failure to assert its claims until service of its Complaint herein on CDDC, the claims DVD FLLC asserts in its Complaint are barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70.     For the same reasons set forth in paragraph 69 repeated herein with the same force and effect, DVD FLLC's claims asserted in its Complaint are barred by waiver and by estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71.     By reason of the allegations set forth in CDDC's Counterclaims at paragraphs 75 through 118 repeated herein with the same force and effect, Plaintiff's claims are barred in whole or in part by its unclean hands, its trademark misuse, and its unfair competition in seeking to utilize trademark law, among other things, to suppress competition.

-8-

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72.    By reason of the allegations of paragraphs 75 through 118 repeated herein with the same force and effect, the claims alleged in the Complaint are barred by economic duress exerted by the Plaintiff on CDDC.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73.    By reason of the allegations set forth herein at paragraphs 75 through 118 repeated herein with the same force and effect, the claims alleged in the Complaint are barred because Plaintiff's alleged DVD logo trademark has lost its significance as a designation of Plaintiff as its source or origin and has become synonymous with the common name for and identification of DVDs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74.    Plaintiff is not entitled to any monetary relief because any alleged infringement, which CDDC denies, was not willful for the reason inter alia that any use of the DVD logo was at the direction of the customer whom CDDC understood had the right and/or permission to have the DVD logo applied to DVD discs made for the customer.

## CDDC'S COUNTERCLAIMS AGAINST DVD FLLC

75.    Defendant CDDC, by and through its attorneys Carter Ledyard & Milburn LLP, pursuant to Federal Rule of Civil Procedure 13, files Counterclaims against DVD FLLC and avers as follows:

-9-

### FIRST COUNTERCLAIM

### Damages for Antitrust Violations - Clayton Act §4 (15 U.S.C. § 15)

76.     This claim arises under the antitrust laws of the United States including Section 4 of the Clayton Act (15 U.S.C. §15) and Section 1 of the Sherman Act (15 U.S.C. §1) for injury CDDC has sustained to its business and property.

77.     Counterclaimant Plaintiff Zoba International Corp., d/b/a CD Digital Card, ("CDDC") is a California corporation with its principal place of business in Rancho Cucamonga, California.

78.     Plaintiff Counterdefendant DVD Format/Logo Licensing Corp., d/b/a DVD FLLC ("DVD FLLC") is a Japanese licensing corporation, with its principal place of business in Tokyo, Japan.

79.     Upon information and belief, shareholders/members of DVD FLLC – named as co-conspirators in the violations alleged herein – are Hitachi, Ltd., Mitsubishi Electric Corporation, Panasonic Corporation, Thomson, Time Warner, Inc., Toshiba Corporation, Victor Company of Japan, Ltd. and DVD Copy Control Association (DVD CDA); Toshiba Corporation is a dominant shareholder/member and a former Toshiba employee is the President of Plaintiff.

80.     CDDC, an innovator, producer and manufacturer, offers a full range of products and services, which serve as a one-stop solution for all its customers' media needs, including CD, DVD and HD (high definition) replication.

81.     CDDC has been in the CD and DVD business since 1999 and began manufacturing DVDs in 2004 pursuant to license agreements with Philips and Toshiba and CDDC has paid hundreds of thousands of dollars of royalties to Philips and Toshiba.

82.    CDDC developed its own product which it calls the "Flex DVD" and has filed three patent applications to protect this product.  The Flex DVD is 0.6 mm – one half the thickness of a standard DVD and is flexible.  As a result, the Flex DVD is the "green" alternative to the standard DVD as it takes less energy to produce, is 100% recyclable, weighs 50% less than other DVDs, thereby reducing shipping costs, and is produced with one half the CO2 emissions of a standard DVD.  The Flex DVDs are compatible and interchangeable with standard DVDs. In 2007, CDDC began selling its Flex DVDs, has sold more than three million, and has received no complaints on operability of its product with existing hardware.

83.    Plaintiff DVD FLLC was established in 2000, and since then, has been responsible for the publication of technical specifications for the standard DVD format.  Plaintiff is the owner of U.S. Trademark Registration Nos. 2,295,726 and 2,381,677 (the "DVD logo"), which relate to the registered mark with the letters DVD above an image of a DVD.  DVD is an acronym for "digital video discs" or "digital versatile discs."  CDDC repeats and alleges here the averments in paragraph 108 hereof with the same force and effect.

84.    Upon information and belief, Plaintiff has entered into licenses for its DVD format and for its DVD logo with over 400 licensees in the United States and in foreign countries and engages in interstate and U.S. foreign commerce including entering a license agreement with CDDC as set forth below.

85.    In 2007 CDDC inquired about a license from DVD CCA which licenses encryption software known as the Content Scrambling System ("CSS") owned by Toshiba and Panasonic Corporation, also a shareholder/member of DVD FLLC, for DVDs to prevent knock-off copying of the content of the DVD.  DVD CCA determines how protected content on DVD discs may be used and DVD CCA's CSS license covers an essential facility for replicators and

-11-

other implementation of DVD products for manufacture and sale in the Market. DVD CCA declined to grant the requested CSS encryption software license to CDDC unless CDDC first obtained a DVD license from DVD FLLC. CDDC contacted DVD FLLC for a DVD license but declined to take the two licenses for cost reasons. As early as 2007, upon information and belief, Plaintiff was aware or had constructive knowledge that CDDC was making and selling DVDs.

86.    In July 2008, Plaintiff demanded that CDDC purchase a license for its technical information and its trademark DVD logo, asserting that CDDC was operating in violation of Plaintiff's unspecified "rights." At that time, CDDC had been making DVDs for more than four years and the Flex DVD for more than one year pursuant to a license granted by Philips. Philips' licensees are listed on the Philips' website and, as set forth in paragraph 79 hereof, Philips is a shareholder/member of DVD FLLC.

87.    CDDC is a replicator and has no need for the alleged technical information and license offered by Plaintiff. As a replicator CDDC produces DVDs based on a Master DVD provided by a customer. The Master DVD is used in conjunction with turn key replicator equipment purchased by CDDC to produce the final DVDs and all necessary technical information is included in the Master DVD and/or the replicator equipment. CDDC does not make use of any additional technical information to produce DVDs. However, (i) DVD CCA would not give CDDC a CSS license if CDDC did not purchase a DVD license from Plaintiff and, (ii) since Plaintiff did not inform CDDC that its 0.6 mm Flex DVDs would not comply with the requirements and would not be covered by the license, and (iii) since Plaintiff asserted that Plaintiff would sue CDDC to bar it from selling any DVDs whether or not those DVDs were produced using Plaintiff's technical information, CDDC was forced to acquiesce in Plaintiff's demands.

-12-

6478927.1

88.     In November 2008, given that CDDC had no apparent choice and without advice of counsel, CDDC signed a one-year license agreement (ending in December 2009) with Plaintiff based on an understanding that the license would apply to its Flex DVD which Plaintiff knew (or had constructive knowledge) that CDDC was already selling when Plaintiff gave CDDC the license.

89.     Shortly after signing the license agreement with Plaintiff, CDDC also developed its own logo which CDC uses on its Flex DVD.

90.     Upon information and belief, in or about early 2009 a customer, IMM ordered and CDDC sold approximately 300,000 Flex DVDs to IMM bearing the DVD logo at IMM's direction.  At that time CDDC had no indication from licensors DVD FLLC or Philips or Toshiba or otherwise of any alleged impropriety in use of the DVD logo on 0.6 mm discs on which CDDC had been paying substantial royalties to Philips and Toshiba as set forth in paragraph 81 hereof.  Shortly thereafter DVD FLLC took the industry-wide position that CDDC's 0.6 mm-thick optical disc is not compliant with the specifications in the DVD Format Books and therefore violates the license agreement, and DVD FLLC warned that manufacturing non-compliant DVD products could lead to termination of the license.

91.     Upon information and belief Philips, Sony and Pioneer, who are also member/shareholders of DVD FLLC and LG Electronics Inc., do not object to the manufacture and sale of 0.6 mm discs as being unsuitable, non-compliant, not consistent or not interchangeable with DVD products used with existing DVD hardware equipment.

92.     The said 1.2 mm and the 0.6 mm optical DVD discs are compatible with standard DVD hardware and equipment and the said 0.6 flex optical discs are interchangeable and suitable for use to the same extent as the 1.2 mm discs.

-13-

**Antitrust Violations**

93.     DVD FLLC and the co-conspirators have engaged in a combination in unreasonable restraint of trade and commerce in the U.S. market comprised of the manufacture and sale of 1.2 mm DVDs and 0.6 mm Flex DVDs and Flex VCDs (the "Market").  Such combination and conspiracy consists of a continuing agreement, scheme, plan and concert of action among DVD FLLC and the co-conspirators to suppress innovative products and the competition that those products provide and increasingly do and will provide.   Among other things, DVD FLLC and the co-conspirators have agreed and acted in the following ways in furtherance of such combination and conspiracy and with the intent and for the specific purpose of excluding CDDC and CDDC's products and the entire sale of 0.6 mm Flex DVDs from the Market:

(a)     to devise, utilize and assert a licensing requirement for the use of the DVD logo tied to use of the CSS encryption software and specifications for DVDs that exclude competitive DVD products.

(b)     to promulgate approved specifications and standards that licensees would be and are required to meet in order to have a license to use the DVD FLLC famous DVD logo and to agree with or cause DVD CCA not to grant DVD CCA's encryption CSS software license to any manufacturer of DVDs that does not have a license from DVD FLLC.

(c)     to produce and distribute to licensees DVD Format Books to replicators such as CDDC who do not need or want them.

-14-

(d)      to engage in a verification program to require adherence to Plaintiff's technical specifications to the exclusion of competitive products in the Market.

(e)      to "police" allegedly "non-compliant" licenses and non-compliant products and take action to deter non-compliant licensees from appearing in the Market including engaging counsel to take legal action including against allegedly non-compliant licensees and enjoin the manufacture and sale of allegedly non-compliant products such as the 0.6 mm Flex DVD.

(f)      to proclaim and misrepresent that 0.6 mm discs are not operable with standard DVD video equipment and are not interchangeable with standard DVD format discs.

(g)      to prevent sellers of allegedly non-compliant products from claiming, representing or advertising that such products are equally usable with standard DVD formats such as DVD video hardware equipment.

(h)      to require applicants for a DVD Format license to admit in prior Non Disclosure Agreements that the DVD Format books contain trade secrets when in fact the specifications for the 1.2 mm DVD described in the DVD Format books are in the public domain and not subject to confidentiality, proprietary ownership or enforcement claims by DVD FLLC.

(i)      to control the licensing of the CSS encryption software and to restrict licenses of CSS only to replicators of DVDs in the Market including CDDC who first take and pay for a second license from DVD FLLC.

-15-

94.    In or by March 2009, approximately five months after Plaintiff induced and coerced CDDC into purchasing a license, Plaintiff sent a notice to all licensed replicators that the 0.6 mm "thin disc" (which includes CDDC's Flex DVD) was not format compliant, and that further manufacture of the 0.6 mm disc was a "serious breach" of the license agreement which would lead to early termination of the license.

95.    Plaintiff wrongfully takes the position in its Complaint that CDDC is misusing the license to create its 0.6 mm Flex DVDs, a license that CDDC did not and does not need or want for its Flex DVDs, threatens termination of the license for production of CDDC's 1.2 mm DVDs, and seeks to enjoin the sale of 0.6 mm DVDs altogether on the alleged ground that, now that CDDC has received Plaintiff's technical specifications, CDDC is and will be misappropriating those technical specifications and alleged trade secrets after termination of the license.

96.    Plaintiff is wrongfully misusing the market power of the "incontestable," "distinctive", "famous" and "ubiquitous" registered DVD logo trademark, upon information and belief, by requiring the majority of DVD manufacturers in the Market, including CDDC, to purchase licenses to manufacture and produce DVDs, by unlawfully attempting to force CDDC to stop its production and sale of its 0.6 mm DVDs, or to lose CDDC's license of the DVD logo trademark, which CDDC uses for its 1.2 mm DVDs.

97.    Plaintiff leveraged the use of the license, DVD format books and the DVD logo to enhance and increase license fees and royalty payments to the coconspirators such as the royalties licensees like CDDC pay to Philips and other members/shareholders so as to exclude 0.6 mm discs from the Market.

-16-

98.    The effects of the aforesaid acts and conduct in furtherance of the aforesaid combination and conspiracy on interstate commerce and competition therein and in the Market are as follows:

(a)    innovation and competition in new and innovative DVD discs such as the 0.6 mm disc in the Market has been and will continue to be wrongfully and unlawfully suppressed.

(b)    consumers of DVD products throughout the United States are and will continue to be deprived of the benefits of new and improved products and free competition.

(c)    the reduction of competition and the exclusion and suppression of 0.6 mm discs from and in the Market suppresses price competition in DVD optical discs and results in artificially higher price levels for DVD products which are subject to license fees and royalty payments to Plaintiff and the co-conspirators and raises the cost and prices of DVD products.

99.    By reason of the aforesaid combination and conspiracy, CDDC has been injured and damaged in its business and property, will continue to be so injured and damaged, and will suffer irreparable harm and damage if DVD FLLC continues to restrain CDDC from doing business and making and selling both 1.2 mm and 0.6 mm products.

100.    Pursuant to Section 4 of the Clayton Act (15 U.S.C. §15), CDDC is entitled to recover from DVD FLLC treble damages sustained by CDDC and its costs and reasonable attorneys' fees on this counterclaim in this action.

## SECOND COUNTERCLAIM

## Cancellation of Trademark under 15 U.S.C. §§ 1119 and 1064(3)

101.     Repeats and realleges the allegations of 76 through 100 with the same force and effect as if set forth herein in full.

102.     DVD FLLC has unduly delayed in asserting its claims against CDDC and has exerted economic duress over CDDC to force CDDC to purchase a license for Plaintiff's technical specifications which DVD FLLC knew that CDDC did not and does not need and has wrongfully and unlawfully combined that license with the DVD trademark logo, thereby wrongfully misusing the market power associated with its trademark to force CDDC to stop the manufacture and sale of its 0.6 mm DVDs.

103.     By reason of all of the foregoing, CDDC challenges the "incontestability" of the said trademark pursuant to 15 U.S.C. §1115 (b)(7) in that such wrongful misuse of the market power associated with the DVD logo trademark violates the U.S. antitrust laws.

104.     By reason of the foregoing, pursuant to 15 U.S.C. §1119, CDDC is entitled to an order declaring that Plaintiff's registration for the DVD logo trademark be cancelled and directing the U.S. Patent and Trademark Office to make appropriate entry in the records of that Office consistent with such declaratory judgment of cancellation.

## THIRD COUNTERCLAIM

## Cancellation of Trademark under 15 U.S.C. §§ 1119 and 1064(3)

105.     Repeats and realleges the allegations of 77 through 104 with the same force and effect as if set forth herein in full.

106.     Plaintiff's DVD logo trademark registration specifically states as follows: "No claim is made to the Exclusive Right to use "DVD" apart from the mark as shown." Plaintiff has no claim to the letters "DVD".

107.    The primary significance of the DVD logo is as a generic and/or descriptive and/or functional term in connection with the product for which it is registered and has been used and is not a designation of source or origin of the DVD logo with DVD FLLC.

108.    The DVD logo has become so commonplace in use on DVDs irrespective of manufacturer or source that the DVD logo has lost its significance as a trademark for DVD FLLC rather than as an identification of the source of any goods of DVD FLLC advertised, marketed, sold, or used in connection with the mark.

109.    The DVD logo is associated with all DVDs generally such that the primary significance of the trademark in the minds of the consuming public is not the producer but the product.

## FOURTH COUNTERCLAIM

## Cancellation of Trademark under 15 U.S.C. §§ 1119, 1058 and 1064(3)

110.    Repeats and realleges the allegations of 77 through 109 with the same force and effect as if set forth herein in full.

111.    Upon information and belief, pursuant to 15 U.S.C. §1058(b), DVD FLLC has filed with the United States Patent and Trademark Office ("USPTO") an affidavit or affidavits, together with "specimens or facsimiles" showing the alleged current use of the DVD logo, as part of its renewal of its trademark registration.  Upon information and belief, the specimens submitted by DVD FLLC to the USPTO were examples and/or images used by entities other than DVD FLLC.  Upon information and belief, DVD FLLC did not submit to USPTO any specimens or facsimiles evidencing its own use of the DVD logo as a trademark for its own goods.

-19-

112.     Upon information and belief, DVD FLLC does not actually use the DVD logo as a trademark for its own goods, and, accordingly, pursuant to 15 U.S.C. §1064(3), its registration should be cancelled on the grounds that said registration was obtained and/or renewed on the false and fraudulent basis that DVD FLLC was using the DVD logo.

## FIFTH COUNTERCLAIM

### Injunction

113.     Repeats and realleges the allegations of 76 through 112 with the same force and effect as if set forth herein in full.

114.     By reason of all of the foregoing, the license agreement should be canceled and DVD FLLC should be restrained and enjoined by order of this Court during the pendency of this action and permanently from using the license agreement and/or the trademark license of the DVD logo against CDDC and DVD FLLC should be similarly enjoined from any other interference with CDDC's use or application of the DVD logo to its products.

## SIXTH COUNTERCLAIM

### Unfair Trade Practices

115.     Repeats and realleges each of the allegations of paragraphs 77 through 114 inclusive with the same force and effect as though alleged in full.

116.     DVD FLLC, contrary to its claims and contrary to its license agreement, does not possess any non-confidential propriety trade secrets in DVD discs and has no alleged trade secret rights to license to CDDC the same being published by ECMA-267 and/or in the public domain.

117.     By reason of all of the foregoing acts and conduct of DVD FLLC, DVD FLLC has unclean hands and has engaged in inequitable conduct and unfair trade practices that

-20-

renders unenforceable its license with CDDC and renders baseless its claims of proprietary

"rights" and trade secrets allegedly violated by CDDC.

118.    By reason of all of the foregoing DVD FLLC's license with CDDC should

be declared a nullity and cancelled by this Court and CDDC is entitled to recover the damages it

has sustained by reason of the acts and conduct of DVD FLLC as alleged herein.

119.    WHEREFORE, CDDC respectfully requests that this Court render

judgment:

A.    dismissing the Complaint;

B.    declaring that Plaintiff's DVD logo trademark registrations be cancelled

and directing the U.S. Patent and Trademark Office to make appropriate entry in the records of

that Office consistent with such declaratory judgment; and

C.    declaring that Plaintiff has engaged in unfair competition, has unclean

hands and that Plaintiff's license agreement with CDDC of November 8, 2008 be declared a

nullity and cancelled.

D.    canceling and enjoining Plaintiff from enforcing the license against CDDC

or terminating CDDC's use of the generic DVD logo on CDDC's 1.2 mm products.

E.    enjoining Plaintiff from claiming, representing, indicating, suggesting or

seeking to impose any limitation on CDDC that CDDC's 0.6 mm Flex DVD discs are unsuitable,

not compatible, not interchangeable, not usable or unsatisfactory for use with standard DVD

hardware and equipment.

F.    declaring that CDDC has the unqualified right to use the generic term

DVD in connection with its products, free of any claim by Plaintiff.

6478927.1

     G.     awarding CDDC treble the amount of damages it sustained as a result of DVD FLLC's violations of the antitrust laws alleged in the First Counterclaim.

     H.     awarding CDDC the amount of damages it sustained as a result of the acts and conduct of DVD FLLC as alleged in the Fifth Counterclaim, plus interest thereon as allowed by law.

     I.     awarding CDDC its reasonable attorneys' fees and the costs of this action.

     J.     granting such further and different relief to CDDC as may be just.

Dated:   New York, New York
        July 16, 2009

       CARTER LEDYARD & MILBURN LLP

       By:    _____
          Keith D. Nowak
          William F. Sondericker
          Susan B. Kalib

       Two Wall Street
       New York, New York  10005
       212-732-3200 (telephone)
       212-732-3232 (facsimile)

       **Attorneys for Defendant,**
        **Zoba International Corp., d/b/a CD Digital Card**

6478927.1